IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                      PLAINTIFF/RESPONDENT

V.           Criminal No. 2:14-cr-20022-PKH-MEF-1
              Civil No. 2:16-cv-02151-PKH-MEF

JESUS ARZABAL-CARRERA                      DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed June 30, 2016. (Doc. 26) The matter is ready for Report and Recommendation.

**I. Background**

On June 25, 2014, Defendant/Petitioner, Jesus Arzabal-Carrera ("Arzabal-Carrera"), was named in an Indictment charging him with illegal re-entry into the United States by a removed alien after conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. 1) Arzabal-Carrera was arrested on June 30, 2014, and he appeared before the Honorable James R. Marschewski, U. S. Magistrate Judge, for arraignment on July 1, 2014, at which time Arzabal-Carrera entered a not guilty plea to the Indictment. (Doc. 6) Mr. James B. Pierce ("Pierce"), Assistant Federal Public Defender, was appointed to represent Arzabal-Carrera. (Docs. 6, 8) Pierce requested discovery in open court. (Doc. 6)

On August 15, 2014, Arzabal-Carrera appeared before Judge Marschewski for a change of

plea hearing.[1] (Doc. 13) Pursuant to a written Plea Agreement (Doc. 14), Arzabal-Carrera pleaded guilty to the Indictment charging him with illegal re-entry into the United States by a removed alien after conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Id.) A Report and Recommendation that Arzabal-Carrera's guilty plea be accepted and the Plea Agreement tentatively approved, subject to final approval at sentencing, was filed by Judge Marschewski on August 15, 2014. (Doc. 16) An Order adopting the Magistrate Judge's Report and Recommendation in its entirety was entered by the Honorable P. K. Holmes, III, Chief U. S. District Judge, on August 18, 2014. (Doc. 17)

An initial Presentence Investigation Report ("PSR") was prepared by the United States Probation Office on October 8, 2014. (Doc. 18) On October 17, 2014, Arzabal-Carrera advised that he had no objections to the initial PSR. (Doc. 19) On October 27, 2014, the Government advised that it had no objections to the initial PSR. (Doc. 20)

A final PSR was submitted to the Court on October 29, 2014. (Doc. 21) The final PSR determined that a base offense level of 8 applied to Arzabal-Carrera's offense of conviction. (Doc. 21, ¶ 15) A 16-level specific offense characteristics enhancement was applied pursuant to U.S.S.G. § 2L1.2(b)(1)(A), as Arzabal-Carrera was previously deported, after a conviction for a crime of violence or firearms offense, and the convictions are assessed criminal history points. (Doc. 21, ¶ 16) After a three-level reduction for acceptance of responsibility was made, Arzabal-Carrera's total offense level was determined to be 21. (Doc. 21, ¶¶ 22-24)

Arzabal-Carrera's criminal history resulted in a criminal history score of 11, placing him in

---

[1] Arzabal-Carrera and his counsel executed a Notice Regarding Entry of a Plea of Guilty and Consent to Proceed Before a Magistrate Judge. (Doc. 12)

criminal history category V. (Doc. 21, ¶ 40) The offense of conviction provides for a statutory maximum term of 20 years imprisonment. (Doc. 21, ¶ 64) Based upon a total offense level of 21 and a criminal history category of V, Arzabal-Carrera's advisory guidelines range was determined to be 70 to 87 months imprisonment. (Doc. 21, ¶ 65)

Arzabal-Carrera appeared for sentencing on December 11, 2014. (Doc. 23) The Court sentenced Arzabal-Carrera to a low-end guidelines term of 70 months imprisonment, no supervised release, no fine, and imposition of a $100.00 special assessment.[2] (Id.) Judgment was entered by the Court on December 11, 2014. (Doc. 24) Arzabal-Carrera did not pursue a direct appeal.

On June 30, 2016, Arzabal-Carrera filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "motion"). (Doc. 26) The motion raises one ground for relief: (1) that his sentence enhancement under U.S.S.G. § 2L1.2 is invalid pursuant to *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Doc. 26-1) The United States filed its response on August 3, 2016. (Doc. 30) A reply was filed by Arzabal-Carrera on August 30, 2016, in which he requested a stay pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544 (cert. granted June 26, 2016). (Doc. 31) An Order staying this action pending further order of the Court was entered on September 7, 2016. (Doc. 32) The stay was terminated by Order entered on March 8, 2017. (Doc. 33) As directed, the United States filed a Supplemental Response on March 22, 2017. (Doc. 34) Arzabal-Carrera did not file a supplemental reply.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground

---

[2] The special assessment was remitted on motion of the Government.

that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Arzabal-Carrera's motion, and the files and records of this case, conclusively shows that Arzabal-Carrera is not entitled to relief, and the undersigned recommends the denial and dismissal of Arzabal-Carrera's § 2255 motion with prejudice without an evidentiary hearing.

### A. Timeliness

The United States first argues that Arzabal-Carrera's motion, filed on June 30, 2016, is untimely as it was filed more than one year after the *Johnson* decision. (Doc. 30, pp. 3-4) That argument, however, overlooks the "prison mailbox rule" which, when taken into account, would place the filing of Arzabal-Carrera's motion within one year from the *Johnson* decision.

Rule 3(d) of the Rules Governing Section 2255 Proceedings provides the following:

> "A paper filed by an inmate confined to an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance

> with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

It is Arzabal-Carrera's burden to show his entitlement to the benefit of the prison mailbox rule. *Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001). Arzabal-Carrera signed a declaration at the end of his motion that states he deposited his motion in the prison mailing system on June 24, 2016. (Doc. 26, p. 13) While the declaration does not state that first-class postage has been pre-paid, a copy of the envelope shows that sufficient postage was affixed to the mailing (Doc. 26, p. 15), and it was received in the Clerk's office on June 30, 2016. I find that Arzabal-Carrera has complied with the "prison mailbox rule," and that his motion was filed with the Clerk within one year of the date of the *Johnson* decision.

### B. *Johnson*, *Welch*, and the Residual Clause of the ACCA

The Armed Career Criminal Act ("ACCA") defines the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortioin, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of subsection (ii) above is known as the "residual clause" of the ACCA. *See James v. United States*, 550 U.S. 192, 197, 127 S.Ct. 1586, 1591, 167 L.Ed.2d 532 (2007) (question of whether attempted burglary, as defined by Florida law, fell within the ACCA's residual provision for crimes that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another").

On June 26, 2015, the United States Supreme Court ruled in *Johnson* that the residual clause of the ACCA was unconstitutionally vague. On April 18, 2016, the Supreme Court decided in *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review.

### C. *Beckles* and the Residual Clause of the Career Offender Guideline

The Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544 (cert. granted June 26, 2016) to address whether the language found in U.S.S.G. § 4B1.2(a)(2), defining a "crime of violence" for career offender purposes under the Sentencing Guidelines, is constitutional in the wake of *Johnson*. For the reasons and upon the rationale set forth in *Beckles v. United States*, — S.Ct. —, 2017 WL 855781 (Mar. 6, 2017), the Supreme Court held that the advisory Sentencing Guidelines, including § 4B1.2(a)(2)'s residual clause, are not subject to void for vagueness challenges under the Fifth Amendment Due Process Clause. In so ruling, the Supreme Court observed that: the prior system of purely discretionary sentencing was constitutionally permissible; the Guidelines merely guide the district courts' discretion; all of the required notice was provided by the applicable statutory range, which established the permissible bounds of sentencing discretion; and, the Guidelines do not implicate concern with arbitrary enforcement since they do not prohibit any conduct or establish minimum and maximum penalties for any crime.

As the United States correctly points out, the *Beckles* decision was written more broadly than being limited to the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2). The Supreme Court's rationale and ruling make it clear that *the Sentencing Guidelines*, and not just the residual clause of § 4B1.2(a)(2), are not subject to a vagueness challenge under the Due Process Clause. *Id.* at *6, 11. *Beckles* clarifies that the rule in *Johnson* does not extend to Guidelines

applications.

The *Beckles* opinion controls the outcome in this case.

### D.  § 2L1.2 Guideline Claim

Arzabal-Carrera's sole ground for relief is that his sentence enhancement under U.S.S.G. § 2L1.2 is invalid pursuant to *Johnson*.  (Doc. 26-1)  The United States argues that the *Johnson* rule is inapplicable to Arzabal-Carrera's sentence since it was enhanced pursuant to U.S.S.G. § 2L1.2(b)(1)(A), not the ACCA, and *Beckles* makes clear that the Sentencing Guidelines are not subject to void for vagueness challenges under the Due Process Clause.  (Doc. 34, pp. 1-2)  The United States is correct.

As discussed above, the Supreme Court in *Beckles* specifically held that the Sentencing Guidelines are not subject to vagueness challenges.  *Id.* at *6, 11.  Therefore, Arzabal-Carrera's *Johnson*-based argument that his enhancement under § 2L1.2(b)(1)(A) for having a prior conviction of a "crime of violence" necessarily fails.

Further, Arzabal-Carrera also had prior convictions of firearms offenses.  (Doc. 21, ¶¶ 16, 36)  Consequently, Arzabal-Carrera would still meet the requirements for the § 2L1.2(b)(1)(A) enhancement even if his prior conviction of a "crime of violence," i.e., a "residual clause offense," was not considered.

### E.  No Evidentiary Hearing is Warranted

A petitioner is entitled to an evidentiary hearing on a habeas motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief.  *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005) (citing 28 U.S.C. § 2255).  No evidentiary hearing is required, "where the claim is inadequate on its face or if the record affirmatively refutes

the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007); *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (8th Cir. 2008). Those are the circumstances in this case. Resolution of Arzabal-Carrera's claims can be accomplished by reviewing the record and applicable law. A thorough review of Arzabal-Carrera's § 2255 motion, the files and records of this case, and applicable law, shows that Arzabal-Carrera is entitled to no relief. Accordingly, I recommend the summary dismissal of Arzabal-Carrera's § 2255 motion without an evidentiary hearing.

### F. No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *See Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Considering the Supreme Court's decision in *Beckles*, I conclude that Arzabal-Carrera has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III. Conclusion

I recommend that Arzabal-Carrera's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 34) be **DISMISSED with PREJUDICE**. I further recommend that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation**

**in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of April, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE